James M. Dowd, Chief Judge
Germone Cunningham appeals the judgment of conviction entered following a jury trial in the Circuit Court of the City of St. Louis finding him guilty of one count of second-degree felony murder and one count of armed criminal action. On appeal, Cunningham contends that there was insufficient evidence to support the judgment of conviction on either count. We affirm.
Factual and Procedural Background
The basic facts of this case are undisputed. In the early morning of August 4, 2014, St. Louis City Police Officer Steven Saito discovered Germone Cunningham walking near the intersection of Angelica and Blair Streets in the City of St. Louis. Officer Saito testified that when he turned his vehicle toward Cunningham he noticed Cunningham pull a gun out of his waistband and throw it into a nearby trash can. Officer Saito searched the trash can and retrieved the gun. The gun was later examined and traces of blood matching that of the victim, Corwin Bates, were found. When Officer Saito approached Cunningham, he observed that Cunningham was carrying a baseball cap that had bloodstains and a bullet hole and a side-view mirror that had been broken off of a motor vehicle. Officer Saito also observed bloodstains on Cunningham's shirt, pants, and boots that were later determined to be consistent with Bates's blood.
Officer Saito took Cunningham into custody and Cunningham was interviewed by police detectives. During the interview, Cunningham stated that Bates had approached Cunningham with a scheme in which he and Bates would lure individuals seeking to buy drugs and then Bates and Cunningham would rob them. Cunningham claimed that his role was to serve as the lookout during the planned robbery. Cunningham stated that at the time of the planned robbery to which Bates brought a gun, Bates announced the robbery, an exchange of gunfire occurred with the purported robbery victims, and Bates was shot in the back of the head and died.
At the time of the shooting, Cunningham was staying with Fred Allen, who occasionally permitted Cunningham to use his vehicle. Bates's mother testified that Bates and Cunningham left her house in Allen's vehicle on the night of the robbery. Allen's *797 vehicle was later searched by police. The passenger side-view mirror had been broken off. Inside the vehicle, police found Bates's blood splattered on the center console and passenger-seat headrest. Police also recovered a bullet and a bullet cartridge from the vehicle. A firearms examiner ruled the cartridge matched the gun seized by Officer Saito from the trash can on the morning of Cunningham's arrest.
Standard of Review
When reviewing sufficiency-of-evidence claims, this Court decides whether any rational fact finder could have found guilt beyond a reasonable doubt. State v. Nash , 339 S.W.3d 500, 509 (Mo. banc 2011). This is not an assessment of whether we believe that the evidence at trial established guilt beyond a reasonable doubt but rather a question of whether any rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. Id. This Court accepts as true all evidence and inferences in the light most favorable to the State, and disregards all contrary evidence and inferences. Id. In reviewing the sufficiency of the evidence, we will neither act as a "super juror" with veto powers nor will we reweigh the evidence. Id. Instead, we give great deference to the fact finder, who may believe all, some, or none of the testimony of a witness when considered against the background of all the other facts, circumstances, and other evidence in the case. Id.
Discussion
1. There was sufficient evidence to convict Cunningham of second-degree felony murder.
At trial, Cunningham was found guilty of second-degree felony murder and armed criminal action both of which were predicated on his commission of attempted robbery in the first degree. On appeal, Cunningham argues the evidence was insufficient to establish beyond a reasonable doubt that he committed attempted first-degree robbery which rendered fatally defective his convictions of second-degree felony murder and armed criminal action. We disagree.
A person commits second-degree felony murder if, in the perpetration or in the attempted perpetration of a felony, a homicide takes place. § 565.021[1] . A person commits armed criminal action if he commits a felony "by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon." § 571.015.
The jury found Cunningham committed attempted robbery in the first degree based on the theory of accomplice liability because he acted in concert with Bates during a planned robbery. Under the theory of accomplice liability, a person is criminally responsible for the conduct of another if "[e]ither before or during the commission of an offense with the purpose of promoting the commission of an offense, he aids or agrees to aid or attempts to aid such other person in planning, committing or attempting to commit the offense." § 562.041. To convict Cunningham of attempted robbery in the first degree under accomplice liability, the State had to prove (1) Bates committed first-degree attempted robbery, and (2) Cunningham affirmatively aided Bates in his attempted robbery. See State v. Smith , 108 S.W.3d 714, 718 (Mo.App.E.D. 2003) (laying out elements of accomplice liability).
Therefore, we must first address the question of whether there was sufficient evidence that Bates committed attempted robbery. A person commits robbery in the *798 first degree if he "forcibly steals property and in the course thereof he, or another participant in the crime ... (2) Is armed with a deadly weapon[.]" § 569.020. A person is guilty of attempt to commit such an offense if, (1) with the purpose of committing the offense, (2) he takes a substantial step towards the commission of the offense. § 564.011. A "substantial step" is conduct strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense. Id. Whether an act constitutes a substantial step depends on the facts of the particular case. State v. West, 21 S.W.3d 59, 64 (Mo.App.W.D. 2000).
Here, we believe there is sufficient evidence to prove that Bates planned a robbery and took a substantial step toward the commission of the robbery by luring drug-buying customers to the scene of the robbery and bringing a gun to use at the robbery. Thus, there is sufficient evidence to establish beyond a reasonable doubt that before his death Bates committed first-degree attempted robbery.
The second prong of accomplice liability requires the State to prove Cunningham affirmatively aided Bates in his attempted robbery. Smith, 108 S.W.3d at 719. This requirement may be satisfied by inference and the evidence need not directly place the defendant in the act of committing the crime for which he is charged. Id. Circumstantial evidence demonstrating an accomplice affirmatively aided another in committing a crime includes presence at the crime scene; flight therefrom; association or companionship with others involved before, during, and after the crime; conduct before and after the offense; knowledge; and motive. Id.
Here, we believe the evidence is overwhelming that Cunningham affirmatively aided Bates in his attempted robbery. Cunningham knew about Bates's robbery plans, drove with Bates to the scene, and agreed to serve as lookout.
Cunningham's presence at the scene of the crime is likewise overwhelming. At the time of his arrest, Cunningham's shirt, pants, and boots were stained with Bates's blood, and Cunningham was carrying a baseball cap that had bloodstains and a bullet hole and a side-view mirror that had been broken off of a vehicle, the inside of which contained Bates's blood, and a bullet cartridge matching the gun that Cunningham threw away.
Cunningham's conduct after the attempted robbery gone bad buttresses our view as well. Cunningham had possession of the gun on which Bates's DNA was found and upon seeing Officer Saito he attempted to dispose of it by throwing it into a trash can.
In light of these circumstances, we find there was sufficient evidence to convict Cunningham of second-degree felony murder. It is undisputed that a homicide took place and there was sufficient evidence that he committed first-degree attempted robbery. Point denied.
2. There was sufficient evidence to convict Cunningham of armed criminal action.
We now turn to Cunningham's conviction of armed criminal action. A person commits armed criminal action if he commits any felony "by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon." § 571.015. Cunningham claims he cannot be found guilty of armed criminal action because the State failed to prove that he personally used a dangerous instrument or deadly weapon during the commission of the first-degree attempted robbery. We disagree because Cunningham misstates the State's burden.
*799 Given that Cunningham was charged with armed criminal action as an accomplice, the State did not need to prove Cunningham personally used the gun in this case. See State v. Burch , 939 S.W.2d 525, 530 (Mo.App.W.D. 1997). Rather, the State showed that Cunningham affirmatively aided Bates's attempted robbery, and since Bates used a gun in the attempted robbery, Cunningham likewise affirmatively aided Bates in the armed criminal action. Indeed, much of the evidence supporting that Cunningham was guilty as an accomplice of first-degree attempted robbery is also evidence that he was guilty as an accomplice of armed criminal action. This evidence includes Cunningham's statements to police detectives that Bates brought a gun to the planned robbery; Officer Saito's testimony that he witnessed Cunningham throw away a gun stained with Bates's blood; and a bullet cartridge matching the gun that Cunningham threw away was found in the vehicle used during the attempted robbery. We believe this evidence was sufficient to find Cunningham guilty of armed criminal action. Id.
Conclusion
For the reasons stated above, we affirm the judgment of the trial court.
Lawrence E. Mooney, J., and Stanley J. Wallach, Sp., J., concur.

All statutory citations are to RSMo. 2000 unless otherwise indicated.